1

2

3

4

5

6

7

8     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
9                 AT TACOMA

10   DANIEL L. TRIGGS,

11                    Plaintiff,              CASE NO. 14-cv-05664 JRC

12         v.                                 ORDER ON PLAINTIFF'S
                                              COMPLAINT
13   CAROLYN W. COLVIN, Acting
14   Commissioner of the Social Security
     Administration,
15
                     Defendant.
16

17         This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20   Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 12, 13, 14).

21         After considering and reviewing the record, the Court concludes that the ALJ did

22   not err when he failed to credit fully the opinion of examining doctor, Dr. Harmon. The

23   ALJ properly relied in part on a finding that her opinions were based on plaintiff's

24

ORDER ON PLAINTIFF'S COMPLAINT - 1

subjective complaints, as well as his findings that Dr. Harmon's opinions are inconsistent with the record as a whole and with plaintiff's activities of daily living.

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, DANIEL L. TRIGGS, was born in 1962 and was 45 years old on the alleged date of disability onset of September 1, 2007 (*see* AR. 197-200, 201-05). Plaintiff was in special education and completed the 10th grade (AR. 42-43).  Plaintiff has work experience as a groundskeeper, construction laborer, janitor and installing underground utilities (AR. 271-82).  Plaintiff's last employment was as a groundskeeper watering lawns and he was fired because he did not show up for work (AR. 36).

According to the ALJ, plaintiff has at least the severe impairments of "bilateral knee pain, impingement syndrome, attention deficit hyperactivity disorder (ADHD), and bipolar affective disorder/schizoaffective disorder, and alcohol dependence in remission (20 CFR 404.1520(c) and 416.920(c))" (AR. 11).

At the time of the hearing, plaintiff was living at a Christian halfway house (AR. 34).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 72-78, 79-87, 89-93, 94-100). Plaintiff's requested hearing was held before Administrative Law Judge Robert Kingsley ("the ALJ") on April

17, 2013 (*see* AR. 30-55). On May 1, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 6-29).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Did the Commissioner err in the evaluation of the opinion evidence; (2) Did the Commissioner err by failing to find that plaintiff met or equaled a listing; and (3) Did the Commissioner err in determining plaintiff's Residual Functional Capacity (*see* Dkt. 12, p. 2).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1)     **Did the Commissioner err in the evaluation of the opinion evidence**?

Plaintiff contends that the ALJ erred in evaluating the opinion evidence from examining doctor, Dr. Dana Harmon, Ph. D. (*see* Dkt. 12, pp. 4-7). Defendant argues that "the ALJ carefully weighed 11 medical opinions and provided detailed reasons for the weight he assigned each" (Dkt. 13, p. 5 (*citing* AR. 17-20)). Defendant also argues that the ALJ properly relied on his finding that Dr. Harmon's "opinion that plaintiff had marked and severe mental limitations [is] inconsistent with the record as a whole, including the opinions of other examining psychologists" (*see id.* at p. 7 (*citing* AR. 18-

19)). Defendant argues that the ALJ also properly relied on the finding that Dr. Harmon's "opinions were based on plaintiff's subjective complaints about his social functioning and maintaining attendance rather than on her own observations" (*see id.* (*citing* AR. 19)). Finally, defendant argues that the ALJ also properly relied on a finding that "Dr. Harmon's opinions were inconsistent with plaintiff's activities" (*see id.* at p. 8 (*citing* AR. 19)). For the reasons discussed herein, the Court agrees with defendant's arguments.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). Here, the ALJ complied with this standard.

The ALJ's first reason for failing to credit fully the opinions of Dr. Harmon is that she "relied primarily on the claimant's subjective complaints with regards to social functioning and maintaining attendance and not on her own observations" (*see* AR. 19). This finding is supported by substantial evidence in the record as a whole. For example, on July 30, 2008, Dr. Harmon provided numerous opinions regarding limitations in social factors, and described the basis for these ratings with a quote from plaintiff: "He said that his normal mood is: "depressed . . . sometimes I get anxiety and racing thoughts . . . I

can't concentrate"" (*see* AR. 454). Dr. Harmon also indicated that she relied on the Beck Depression Inventory and the Beck Anxiety Inventory, both of which rely on plaintiff's subjective answers to a variety of questions (*see* AR. 451, 457-58).

Similarly, on June 24, 2009, Dr. Harmon again indicated the basis for her opinion regarding plaintiff's limitations in social factors with a quote from plaintiff: "He said that his normal mood is: "worried and anxious . . . some days I don't care about anything . . . I'm really up-and-down . . . The medications help a little, but I don't know, maybe I should try a higher dose"" (*see* AR. 444). Dr. Harmon again indicated reliance on the Beck Depression Inventory (*see id.*). For her 2012 opinion, Dr. Harmon does not indicate the basis for her opined limitations (*see* AR. 524).

When failing to credit fully the opinions of Dr. Harmon, the ALJ also found that with "respect to the cognitive factors, Dr. Harmon's opinion is inconsistent with the opinion of Dr. Seymanski" (*see* AR. 19). As noted by the ALJ, Dr. Seymanski "found that the claimant had no limitation in understanding, remembering, and following simple instructions;" and she noted that plaintiff "was able to perform simple tasks on the mental status exam, but he had more difficulty with complex tasks" (*see id.*). The Court notes that for the residual functional capacity, the ALJ found that plaintiff could perform simple, routine tasks (*see* AR. 13). The ALJ's characterization of the opinion of Dr. Seymanski is supported by substantial evidence in the record as a whole (*see* AR. 434). Based on the record, the Court concludes that the ALJ's finding that Dr. Harmon's opinion is inconsistent with the opinion of Dr. Seymanski is based on substantial evidence in the record as a whole. The Court also concludes that the ALJ reasonably

1  relied on this finding when failing to credit fully the opinion of Dr. Harmon regarding

2  plaintiff's limitation with respect to cognitive factors. The ALJ is responsible for

3  resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157

4  F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

5  1995)).

6      Finally, the ALJ also relied on a finding that "the degree of limitations found by

7  Dr. Harmon are inconsistent with the claimant's activities discussed above, such as

8  mowing the lawn, cleaning his household, regularly attending church, and navigating

9  places while riding his bike, which suggests a greater level of functioning than Dr.

10  Harmon found" (*see* AR. 19). As noted by defendant, the ALJ "reasonably found that

11  these activities conflicted with Dr. Harmon's opinion, for example, that plaintiff had a

12  marked limitations in the ability to interact appropriately in public contacts and a

13  moderate limitation in the ability to perform routine tasks" (*see* Dkt. 13, p. 8 (*citing* AR.

14  444)). The Court concludes that the ALJ's finding of an inconsistency here is supported

15  by substantial evidence in the record as a whole and provides some support for the ALJ's

16  failure to credit fully the opinions of Dr. Harmon.

17      For the reasons stated and based on the record as a whole, the Court concludes that

18  the ALJ did not err in failing to credit fully the opinions of Dr. Harmon.

19  //

20  //

21  //

22

23

24

(2)   **Did the Commissioner err by failing to find that plaintiff met or equaled a listing and did the Commissioner err in determining plaintiff's Residual Functional Capacity ("RFC")?**

Plaintiff's argument with respect to the step three determination that plaintiff did not meet or equal a listing depends on plaintiff's argument that the ALJ "erred in the weight that was given to the opinion of Dr. Harmon" (*see* Dkt. 12, p. 8). Because the Court already has concluded that the ALJ did not err when evaluating the opinion of Dr. Harmon, this argument by plaintiff fails, *see supra*, section 1. Similarly, plaintiff argues that the RFC "determination is flawed" because the ALJ failed to account for Dr. Harmon's "opinions and the resulting limitations in determining [plaintiff's] residual functional capacity (RFC)" (*see* Dkt. 12, p. 9). Therefore, this argument also fails.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 12th day of February, 2015.

J. Richard Creatura
United States Magistrate Judge